UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MATHIS,

    Plaintiff,

                                  Case No. 1:13-CV-187

v.

                                  HON. GORDON J. QUIST

UNKNOWN SUDHIR, *et al.*,

    Defendants.

_____/

## **MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, Ronald Mathis, has filed Objections to Magistrate Judge Hugh Brenneman's February 5, 2013 Report and Recommendation (R & R) (dkt. # 21). In the R & R, the magistrate judge recommends that the Court grant Defendant Jordan's motion to dismiss, or in the alternative, for summary judgment, and that the Court grant Defendant Sudhir's motion to dismiss, or in the alternative, for summary judgment, in part. Plaintiff has filed Objections to the R & R as it pertains to Dr. Sudhir only. For the reasons set forth below, the Court will overrule Plaintiff's Objections.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Plaintiff's Objections.

Plaintiff asserts a claim of deliberate indifference against Dr. Sudhir. Plaintiff alleges that Dr. Sudhir delayed treating him from March 17, 2012 to March 21, 2012, and that Dr. Sudhir failed to correctly diagnose his medical condition and to provide adequate treatment during the months thereafter. The magistrate judge found that Plaintiff stated a valid claim for deliberate indifference

with respect to his allegations concerning the March 2012 delay in treatment. With respect to the remainder of Plaintiff's allegations, however, the magistrate judge found that Plaintiff failed to state a claim for deliberate indifference and did not exhaust his administrative remedies.

Plaintiff's first two objections go to the issue of exhaustion. Plaintiff objects to the magistrate judge's finding that Plaintiff did not file a grievance related to the care he received after March 21, 2012. Plaintiff submitted grievance L.F.-12-03-364 on March 22, 2014, which discussed the delay in treatment from Dr. Sudhir. Plaintiff argues, however, that he mentioned subsequent treatment in his Step II form for this grievance. The Michigan Department of Corrections (MDOC) requires an inmate to submit a Step I grievance before filing a Step II grievance. *See* MDOC Policy Directive 03.02.130.BB (effective July 9, 2007) ("A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response.") Plaintiff's Step I grievance, submitted March 21, 2012, could not conceivably have mentioned treatment he would receive during the subsequent months. Plaintiff's mention of these issues in his Step II grievance was not sufficient to exhaust them.

Plaintiff next argues that, after filing grievance L.F.-12-03-364 on March 22, 2014, he was not permitted to file another grievance against Dr. Sudhir. Rather, he argues, any subsequent grievance would have been rejected as duplicative. *See* MDOC Policy Directive 03.02.130.G.1. ("A grievance may be rejected . . . [if it] raises issues that are duplicative of those raised in another grievance filed by the grievant.") In his complaint, Plaintiff has laid out specific instances of conduct by Dr. Sudhir that he believes constitute deliberate indifference. Each of these instances could have been the subject of a separate grievance without creating duplicative grievances. Thus, Plaintiff is not excused from the requirement that he exhaust his administrative remedies with regard to the treatment he received after March 21, 2012.

Finally, Plaintiff objects to the R & R's conclusion that Plaintiff failed to state a claim against Dr. Sudhir, arguing that Dr. Sudhir mistreated Plaintiff's ailments and provided him with ineffective medications. As Plaintiff's Objection demonstrates, however, Dr. Sudhir provided consistent care. Plaintiff may disagree with the decisions made by Dr. Sudhir, or believe that Dr. Sudhir failed to provide optimal care. That is insufficient to state a constitutional violation, however. *See Owens v. Hutchinson*, 79 Fed. App'x 159, 161 (6th Cir. 2005). At most, the allegations state a claim for negligence or medical malpractice, which are not cognizable as a federal constitutional claim. *Id.*

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued February 5, 2014 (dkt. # 21 ) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objections (dkt. # 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Dr. Sudhir's motion to dismiss, or in the alternative, for summary judgment (dkt. # 11) is **DENIED** as to the claims regarding delay in treatment from March 17, 2012 to March 21, 2012, and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that Dr. Jordan's motion to dismiss, or in the alternative, for summary judgment (dkt. # 15) is **GRANTED** and that Plaintiff's claims against Dr. Jordan are DISMISSED with prejudice.

Dated: March 5, 2014                                            /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE