UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MATHIS,

    Plaintiff,

v.

UNKNOWN SUDHIR, *et al.*,

    Defendants.

_____/

Case No. 1:13-CV-187

HON. GORDON J. QUIST

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Ronald Mathis, has filed Objections to Magistrate Judge Hugh Brenneman's March 20, 2015 Report and Recommendation (R & R) (dkt. # 46). In the R & R, the magistrate judge recommends that the Court grant the summary judgment motion filed by Defendant, aBahmini Sudhir, M.D. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Plaintiff's Objections.

Mathis went to the health care unit on March 17, 2012 reporting trouble urinating. A nurse attempted to catheterize Mathis during that visit, but was unsuccessful. Nonetheless, Mathis voided a significant amount of urine. Mathis was not successfully catheterized until he returned to the health care unit on March 22, 2012. The deliberate indifference claim currently before the Court is based on the period between March 17 and 22.

Although Mathis objects to several specific statements in the R & R, his primary argument is that the magistrate judge erred in concluding that Dr. Sudhir's delay in providing Mathis with a catheter did not constitute deliberate indifference. Mathis disputes the magistrate judge's finding that there was no evidence that Mathis sought medical attention between March 17 and March 21. The evidence that Mathis cites in support of that objection, however, does not contradict the magistrate judge's finding. Rather, the March 22, 2012 form completed by Randy Lindstrom, RN states only that Mathis reported difficulty urinating, and that the health care staff instructed a corrections officer to send Mathis to the health care unit.[1] There is no indication that Mathis made the report in the days before Nurse Lindstrom completed the form, and the most logical interpretation of the form is to the contrary. Accordingly, the magistrate judge did not err in finding that there was no evidence that Mathis requested medical attention between March 17 and March 21.

Because Dr. Sudhir was not aware that Mathis needed a catheter between March 17 and March 21, she was not deliberately indifferent to such need. During the March 17 visit, Mathis provided a urine sample and was told to continue his medications and alert the health care unit immediately if he was not able to urinate or had other symptoms of concern. (Dkt. #43-1 at Page ID#725.) The record indicates, however, that Mathis did not reach out to the health care unit until March 21. Thus, the magistrate judge did not err in concluding that Mathis cannot make out a claim for deliberate indifference based on treatment he did not seek.

Finally, Mathis has not demonstrated that, during the period in question, he had "an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by

---

[1] Nurse Lindstrom's form was completed at 12:24 a.m. on March 22, 2012. Thus, it is likely that Mathis requested health care sometime on March 21, 2012.

competent health care providers." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004). As discussed, Mathis was told on March 17 to report any symptoms, and he did not do so until March 21. Accordingly, he did not display an obvious medical need to Dr. Sudhir during that time.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued March 20, 2015 (dkt. # 46) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objections (dkt. # 47) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (dkt. #29) is **DENIED**.

**IT IS FURTHER ORDERED** that Dr. Sudhir's motion for summary judgment (dkt. # 32) is **GRANTED** and that Plaintiff's claims against Dr. Sudhir are **DISMISSED with prejudice.**

This case is concluded.

Dated: June 12, 2015                                /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE